IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **05-cv-_____ (___)**

**FRESH STORM PUBLICATIONS, LLC**, a North Dakota limited liability company,

      Plaintiff,

v.

**WWW.COLLEGEDEGREEREVIEW.NET**, an Internet domain name,

      *In rem* Defendants.

_____

## *IN REM* COMPLAINT
_____

Plaintiff Fresh Storm Publications, LLC ("Plaintiff") alleges the following in support of its claim against the Internet Domain Name WWW.COLLEGEDEGREEREVIEW.NET ("Defendant"):

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff is one of a network of companies that provide a directory of e-learning courses and online education resources, featuring informative resources as well as hundreds of e-learning courses in 360 subject categories. Plaintiff's website, found at the Internet domain name WWW.COLLEGEDEGREEREVIEW.COM, enables its users to quickly and easily locate effective e-learning courseware. Plaintiff's online directory highlights free courses and tutorials, computer training, corporate training, post-secondary education, professional development, personal development, and continuing education.

2.      Plaintiff files this *in rem* action asserting a claim for cyberpiracy under the Anticybersquatting Consumer Protection Act ("Cyberpiracy Act"), 15 U.S.C. § 1125(d).

3.      This lawsuit involves quintessential cyberpiracy.  COLLEGE DEGREE REVIEW is a distinctive trademark of Plaintiff, which Plaintiff owns and has used extensively on and in connection with Plaintiff's website at the domain name WWW.COLLEGEDEGREEREVIEW.COM.  In the field of online educational resources, COLLEGE DEGREE REVIEW is an immediately recognized mark that exclusively identifies Plaintiff and its goods and services.  Notwithstanding Plaintiff's rights in the mark COLLEGE DEGREE REVIEW, Defendant domain name WWW.COLLEGEDEGREEREVIEW.NET, which is identical to Plaintiff's domain name, save the substitution of the top level domain name .NET for .COM, has been registered by an individual having no affiliation with Plaintiff whatsoever, with no legitimate right to use that domain name, and who is using the domain name to lure unsuspecting consumers and advertisers to its website, which website is an exact duplicate of Plaintiff's site.  This is the precise scenario that the *in rem* provisions of the Cyberpiracy Act were enacted to combat, namely, the scenario in which a cyberpirate uses the trademarks of others to profit, either by deceiving unsuspecting consumers into visiting a website or by ransoming the website to a trademark holder, while using the anonymity made possible by the Internet to evade liability for usurping those intellectual property interests.

4.      The World Intellectual Property Organization ("WIPO"), an entity organized under the auspices of the United Nations to protect intellectual property, has condemned the widespread epidemic of cyberpiracy.  WIPO noted that "[f]amous and well-known marks have been the special subject of predatory and parasitical practices by a minority of domain name

registrants acting in bad faith." WIPO Interim Report on the Internet, December 23, 1998, at iii;

WIPO Interim and Final Report *available at* <http://wipo2.wipo.int>.

5.      In passing the Cyberpiracy Act, Congress indicated its intent to address the

increasing epidemic of cyberpirates who "registered, trafficked in, or used the offending domain

name with bad-faith intent to profit from the goodwill of a mark belonging to someone else."

H.R. Conf. Rep. No. 106-464 (Nov. 9, 1999).  As Senator Hatch observed in supporting passage

of the Cyberpiracy Act:

> [T]oday the Senate considers legislation to address the serious threats to American
> consumers, businesses, and the future of electronic commerce, which derive from the
> deliberate, bad-faith registration of Internet domain names in violation of the rights of
> trademark owners.  For the Net-savvy, this burgeoning form of cyber-abuse is known as
> "cybersquatting."  For the average consumer, it is simply fraud, deception, and the bad-
> faith trading on the goodwill of others.

Cong. Rec. S10515 (daily ed. August 5, 1999) (statement of Sen. Hatch).

6.      Section 3002 of the Cyberpiracy Act (15 U.S.C. § 1125(d)(1)(A)), provides in

pertinent part:

> A person shall be liable in a civil action by the owner of a mark . . . if,
> without regard to the goods or services of the parties, that person –
>
> (i) has a bad faith intent to profit from that mark . . . and;
>
> (ii) registers, traffics in, or uses a domain name that –
>
>> (I)      in the case of a mark that is distinctive at the time of
>> registration of the domain name, is identical or confusingly similar
>> to that mark; [or]
>>
>> (II)     in the case of a famous mark that is famous at the time of
>> registration of the domain name, is identical or confusingly similar
>> to or dilutive of that mark . . . .

7.      In bringing this lawsuit, Plaintiff seeks a preliminary and permanent injunction

transferring the domain name WWW.COLLEGEDEGREEREVIEW.NET to Plaintiff.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C.

§§1331 and 1338(a).

9.      This Court has *in rem* jurisdiction over the domain name pursuant to 15 U.S.C.

§ 1125(d)(2)(A)(ii)(I) in that this Court does not have personal jurisdiction over the registrant of

the domain name WWW.COLLEGEDEGREEREVIEW.NET because the registrant has engaged

in conduct to conceal his or her true identity and location by providing false contact information

in connection with the registration of that domain name.  Plaintiff has attempted to reach the

registrant by using the telephone number the registrant provided, but the numbers provided were

not active and efforts to locate the registrant via worldwide web searches and through the WhoIs

registry maintained by Registrar.com yielded no results.  This Court also has in rem jurisdiction

over the domain name under 15 U.S.C. §1125(d)(2)(C)(i) because the domain name registrar is

located in this jurisdiction and under 15 U.S.C. § 1125(d)(2)(C)(ii) because upon commencement

of this case, documents sufficient to establish control and authority regarding the disposition of

the registration and use of the domain names can be expeditiously deposited with the Court.

10.      Venue lies in this District under 15 U.S.C. § 1125(d)(2)(A) and (C) because

DomainSite, an apparent d/b/a of Spot Domain LLC ("DomainSite"), is the registrar of  the

domain name WWW.COLLEGEDEGREEREVIEW.NET and is located in this Judicial District.

## THE PARTIES

11.      Plaintiff is a North Dakota limited liability company with its principal place of

business at 710 E. Bowen Ave., Suite 212, Bismarck, ND 58504.

12.     The registrant of the defendant domain name

WWW.COLLEGEDEGREEREVIEW.NET provided the following contact information to

DomainSite in connection with the registration of the domain name:  Hua Shi, 8345 NW 66th

St., #9189, Miami, FL 33166, US; telephone: +1.3054061346; email:

webmaster@collegedegreereview.net.

13.     For the reasons set forth in this Complaint, Plaintiff is informed and believes that

the information provided in registering the domain name is falsified and that the cyberpirate's

true identity and location remain unknown.

14.     *In rem* jurisdiction in this District is thus proper because Plaintiff is unable to

locate or serve the cyberpirate and because the registrar for this domain name, DomainSite, is

located in this Judicial District.

## FACTUAL BACKGROUND

*Plaintiff's Trademark Rights*
*and Harm Suffered as a Result of the Registrant's Actions*

15.     The registrant of the illegal website WWW.COLLEGEDEGREEREVIEW.NET

is a commercial pirate in every sense of what the anti-Cyberpiracy law describes and is designed

to prohibit.  The cyberpirate has, with bad faith intent, attempted and continues to attempt to

capitalize financially on the goodwill and identifying marks of Plaintiff.

16.     Plaintiff has used continuously the COLLEGE DEGREE REVIEW mark in

connection with its business since at least March 10, 2005, the date on which it commenced

operations, and the predecessor business from which these trademarks (and related goodwill) and

domain names were acquired by Plaintiff in March, 2005 had been using them for more than

three years prior to such acquisition, both of which dates are well before the acts complained of herein.

17.     Plaintiff uses its website identified by the mark COLLEGE DEGREE REVIEW at the domain name WWW.COLLEGEDEGREEREVIEW.COM in order to generate and collect "leads" in the form of name and contact information from individuals interested in Plaintiff's clients' education services.  Plaintiff contracts with its clients to provide leads generated by the website.

18.     The fraudulent website located at the Defendant domain name invites website visitors to provide their contact information, which contact information, upon information and belief, is diverted from Plaintiff and collected by Defendant's registrant and used for his or her own commercial purposes.

19.     The commercial purposes of Defendant's registrant are believed to include attempting to sell and selling the leads generated by the pirated website to Plaintiff's competitors and are believed to include selling and attempting to sell advertising space to Plaintiff's competitors.

20.     As a proximate result, Plaintiff has been deprived of countless leads that otherwise would be generated and collected on its website, as well as the corresponding revenue to which Plaintiff is entitled pursuant to its lead generation contracts with its clients.

21.     In addition to the commercial activities described above, Defendant's registrant actively defrauds and misleads consumers and the public at large by purporting to provide the specialty services and expertise that Plaintiff has developed and provided over the last several years.  Moreover, consumers are duped into providing personal identifying information, which

Plaintiff believes is used in furtherance of the registrant's commercial activities but which may also be used for any other nefarious activities the registrant pursues.

22.      Plaintiff has spent considerable sums and has expended significant effort in advertising, promoting, and developing the COLLEGE DEGREE REVIEW mark throughout the world.  As a result of such advertising and expenditures, Plaintiff has established considerable goodwill in the COLLEGE DEGREE REVIEW mark.   The mark has become widely known and recognized as Plaintiff's mark and is associated by the consuming public exclusively with Plaintiff and its services.  The COLLEGE DEGREER EVIEW mark, and the goodwill associated with the mark, is an asset of substantial worth to Plaintiff.

*Cyberpiracy of WWW.COLLEGEDEGREEREVIEW.NET*

23.      The domain name WWW.COLLEGEDEGREEREVIEW.NET was registered in bad faith and with the intention of capitalizing on, and profiting from, the goodwill and reputation of Plaintiff's COLLEGE DEGREE REVIEW mark.

24.      The registrant's bad faith intent and attempt to trade off Plaintiff's mark and attendant goodwill is manifest by his or her wholesale copying of the home page of Plaintiff's website, to the smallest degree, including even Plaintiff's copyright notice.

25.      Furthermore, the registrant of WWW.COLLEGEDEGREEREVIEW.NET provided false registration information to the registrar, violating the terms of the registration agreement that required the registrant to provide complete and accurate contact information and to amend the information provided at the time of registration as needed to ensure its accuracy.

26.      The cyberpirate is not in any way affiliated or associated with Plaintiff and has absolutely no right to use Plaintiff's mark.  The cyberpirate falsely represented and warranted to

the registrar, DomainSite, with whom the cyberpirate registered the domain name that he or she had a right to register the domain name, that such registration did not interfere with the right of any third party with respect thereto, and/or that the domain names would not be used for any unlawful purpose.

27.     The registration of WWW.COLLEGEDEGREEREVIEW.NET constitutes cyberpiracy and tarnishes the goodwill and reputation of Plaintiff.  The registration of domain names containing distinctive trademarks places an intolerable burden on trademark holders like Plaintiff, who must continuously monitor such domain names to determine whether they are being used for improper purposes, to sell counterfeit goods or services such as here, or are otherwise being used in an unauthorized and unlawful manner.

## FIRST CLAIM FOR RELIEF
(Cyberpiracy)

28.     The allegations set forth above are incorporated herein by this reference.

29.     The actions described above evidence bad faith intent to profit from the registration and/or use of Plaintiff's distinctive COLLEGE DEGREE REVIEW mark in an Internet domain name.

30.     The registrant of WWW.COLLEGEDEGREEREVIEW.NET has registered, trafficked in, and/or used a trademark that was distinctive at the time of registration of the domain name and was identical or confusingly similar to Plaintiff's COLLEGE DEGREE REVIEW mark, and/or registered, trafficked in, and/or used a famous trademark that was famous at the time of the registration of the domain name and was identical or confusingly similar to or dilutive of that mark.

31.     Plaintiff is entitled to an order and injunction immediately transferring the domain name WWW.COLLEGEDEGREEREVIEW.NET to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.     That the Internet domain name WWW.COLLEGEDEGREEREVIEW.NET be transferred to Plaintiff; and

B.     For such other and further relief that that the Court may consider just and appropriate.

Submitted this  24th  day of January, 2006,

By  s/ Christopher P. Beall
  Christopher P. Beall
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado  80203
Tel:  (303) 607-3500; Fax:  (303) 607-3600
E-mail:  cbeall@faegre.com

Of Counsel:
Robert O. Rice
Arthur B. Berger
RAY, QUINNEY & NEBEKER
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

Attorneys for Plaintiff
**FRESH STORM PUBLICATIONS, LLC**

Plaintiff's Address:

FRESH STORM PUBLICATIONS, LLC
710 E. Bowen Ave., Suite 212
Bismarck, ND 58504

DNVR1:60331597.01